```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| Frances Ryan, by and through her Guardian ad Litem, Geraldine Ryan,<br><br>            Plaintiff,<br><br>     v.<br><br>Nationstar Mortgage, LLC; and Does 1 through 50, inclusive,<br><br>            Defendants. | No. 2:14-cv-02067-GEB-DAD<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Nationstar Mortgage, LLC ("Defendant") seeks dismissal of Plaintiff's Complaint, arguing, *inter alia*: "Plaintiff's entire complaint . . . rests on th[e] failed legal contention" that "a non-party to this lawsuit, U.S. Bank acting as trustee of a Pooling and Servicing Agreement ("PSA") of many bundled loans, did not receive a valid assignment of Plaintiff's loan because the assignment purportedly took place after the PSA trust's closing date." (Def.'s Mem. P.&A. in Supp. Mot. to Dismiss ("Mot.") 1:3-7, 1:14-17, ECF No. 4.) Defendant argues:

> Based on this allegation, Plaintiff contends that U.S. Bank and [Defendant] lack authority to foreclose on the loan secured by real

1

> property . . . . This loan securitization allegation by Plaintiff has been repeatedly rejected by the state courts in California and respective Federal Courts. These courts have consistently held that persons such as Plaintiff, borrowers on loans, have no standing to challenge a violation of a PSA . . . .

(Id. at 1:7-16.)

Plaintiff opposes the motion.

## I. Judicial Notice

Defendant's motion includes a request that judicial notice be taken of various documents pertaining to Plaintiff's mortgage, including the Deed of Trust and the Corporation Assignment Deed of Trust. Defendant argues judicial notice is proper since the documents are "publicly recorded[,] . . . referenced in Plaintiff's Complaint, and . . . central to the allegations contained in the Complaint." (Def.'s Req. for Judicial Not. ("RFJN") 2:8-10, ECF No. 5.)

Plaintiff has not contested this requested, and Defendant has shown it should be granted. Therefore, it is granted.

## II. Factual Background

Certain judicially noticed facts and allegations in Plaintiff's Complaint follow.

On or around November 10, 2005, Plaintiff borrowed $500,000.00 from Countrywide Home Loans, Inc. for a "residential mortgage loan for [her] residence." (See Compl. ¶¶ 2, 11, ECF No. 1-3; RFJN Ex. A, ECF No. 5-1[1].) The loan was secured by a Deed of Trust. (See Compl. ¶¶ 2, 12-13; RFJN Ex. A.) The Deed of Trust

---
[1] All exhibits to Defendant's RFJN were filed collectively as ECF No. 5-1.

lists Recon Trust Company, N.A. as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (RJFN Ex. A.) MERS then assigned its beneficial interest under the Deed of Trust to "U.S. Bank National Association as Trustee for the Holders of SARM 2005-23" ("U.S. Bank"). (RFJN Ex. B, Compl. ¶ 12.) This assignment was recorded on August 29, 2011. (RFJN Ex. B, Compl. ¶ 12.) "Defendant N[ationstar] M[ortgage] LLC . . . is the purported servicer of [the] Subject Loan." (Compl. ¶ 3.)

Plaintiff alleges "[t]he August 29, 2011 attempted transfer [to U.S. Bank] was made over five (5) years after the Closing Date [for the Trust] . . . [and] was [thus] *void ab initio*." (Id. ¶ 13 (emphasis omitted).) Plaintiff also alleges this attempted transfer was void because "the Trust was required to possess the Deed of Trust to the Subject Loan within 90 days of the Closing Date of the Trust (or April 1, 2006), as set forth in the Pooling and Servicing Agreement [("PSA")]." (Id. ¶ 20.)

Plaintiff further alleges:

> Therefore, there has never been any valid Assignment of the Deed of Trust[,] and . . . [Defendant] . . . ha[s] [n]ever had any right to collect any payments from the Plaintiffs.
>
> . . . .
>
> [Defendant] has no rights to service or administer the S[ubject] L[oan], as those rights are derived from a T[rustee] who in fact does not have any such right.

(Id. ¶¶ 13, 25.)

### III. Discussion

Defendant argues "Plaintiff's claim . . . fails because she has no standing to challenge the Assignment of Deed of Trust

3

or the PSA, since she is not, and never was, a party to, or an intended beneficiary of, these agreements." (Mot. 5:24-26.)

Plaintiff rejoins that she "may challenge the 'securities trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securities trust occurred after the trust's closing date.'" (Pl.'s Opp'n 2:10-12, ECF No. 7 (quoting Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079, 1096 (2013)).) In Glaski, a California Court of Appeal "reject[ed] the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement. Glaski, 218 Cal. App. 4th at 1096. The California Court of Appeal held, in Glaski, that "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment." Id. at 1095 (citation and emphasis omitted).

Defendant replies that Glaski is a "misguided and minority decision[,]" and under "the majority view in Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497 (2013)[,] . . . a borrower is not a party to the securitization of a loan and, therefore, lacks standing to challenge said transfer." (Def.'s Reply 2:3-8, 2:19-22, ECF No. 9.) In Jenkins, a California Court of Appeal held that a borrower, "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, . . . lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." Jenkins, 216 Cal. App. 4th at 515. The Court of

4

Appeal also stated in Jenkins:

> the relevant parties to such a transaction [ar]e the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. . . .
>
> Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged.

Id.

"Glaski conflicts with several other California Court[] of Appeal cases that have held that a mortgage borrower, as a third party, does not have a cause of action due to irregularities in the chain of transfer." Moran v. GMAC Mortg., LLC, No. 5:13-CV-04981-LHK, 2014 WL 3853833, at *5 (N.D. Cal. Aug. 5, 2014); see, e.g., Yvanova v. New Century Mortg. Corp., 172 Cal. Rptr. 3d 104, 109-110 (2014) ("We agree with the reasoning in Jenkins, and decline to follow Glaski."), rev. granted, 176 Cal. Rptr. 3d 266 (2014); Mendoza v. JPMorgan Chase Bank, N.A., 228 Cal. App. 4th 1020, 1033-34 (2014) ("We can find no state or federal cases to support the Glaski analysis and will follow the federal lead in rejecting this minority holding."), rev. granted, 180 Cal. Rptr. 3d 1 (2014).

Further, "the majority of federal district courts that have addressed . . . whether a borrower has standing to challenge securitization of a note by its transfer to a trust in an allegedly defective manner[] are in accord with Jenkins." Boza v. U.S. Bank Nat'l Ass'n, No. LA CV12-06993 JAK (FMOx), 2013 WL 5943160, at *6 (C.D. Cal. Oct. 28, 2013); accord Rivac v. Ndex West LLC, No. C 13-1416 PJH, 2013 WL 6662762, at *4 (N.D. Cal.

Dec. 17, 2013) ("This court is persuaded by the 'majority position' of courts within this district, which is that Glaski is unpersuasive, and that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA." (internal quotation marks and citation omitted)); Newman v. Bank of N.Y. Mellon, No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (declining to follow Glaski).

The California Supreme Court has not addressed this issue. "[W]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Westlands Water Dist. v. Amoco Chem. Co., 953 F.2d 1109, 1111 (9th Cir. 1991) (quoting Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 186 (9th Cir. 1989)) (internal quotation marks omitted). "An intermediate state appellate court decision is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Hayes v. Cnty. of San Diego, 658 F.3d 867, 872-73 (9th Cir. 2011) (internal quotation marks and citation omitted).

Jenkins is persuasive and is followed. Plaintiff does not allege in her Complaint facts plausibly showing that she was either a party to the assignment about which she complains or an intended third-party beneficiary of the assignment. Nor does "Plaintiff[] . . . contend that [she] did not receive the proceeds of [her] loan transactions; and [it is evident that her] role thereafter was simply to make payments of the principal and

interest due." Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 90 (2d Cir. 2014). Therefore, Plaintiff has not shown that she can provide a basis for her claims. Accordingly, Plaintiff's Complaint is dismissed without leave to amend, and judgment shall be entered for Defendant.

Dated:   February 4, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge